UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB DAVID WOOLERY, | No. 2:21-cv-0270 AC P |
| Plaintiff, | |
| v. | ORDER |
| SHASTA COUNTY JAIL, et al., | |
| Defendants. | |

Plaintiff, a county jail inmate proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B). Plaintiff has also filed a motion to compel the production of documents. ECF No. 7.

For the reasons stated herein, plaintiff's motion to proceed in forma pauperis will be granted. Plaintiff will also be given the opportunity to amend the complaint. In addition, plaintiff's motion to compel the production of documents will be denied.

I. IN FORMA PAUPERIS APPLICATION

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). See ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

////

1

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp.

Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

III. PLAINTIFF'S COMPLAINT

Plaintiff names Shasta County Jail, the Shasta County Sheriff and Wellpath Corp. as defendants in this action. See ECF No. 1 at 1. He alleges that defendants violated his Eighth Amendment rights to personal safety and to be free from cruel and usual punishment and his First Amendment right to file grievances when, between January and February 2021, they: (1) sent him from Lassen County Jail back to Shasta County Jail, despite the fact that Shasta County Jail "was in emergency COVID-19 lockdown" and thereafter, failed to provide him with supplies to clean his cell for over twenty-four hours; (2) removed the tablet from his cell and denied him paper slip options – the means by which he could file medical requests and grievances,[1] and (3) failed to provide him treatment for days after he contracted COVID-19.[2] See id. at 2-4.

Plaintiff alleges that as a result of defendants' actions and inaction, he contracted COVID-19 and has been experiencing "extreme pain and uncomfortableness, [a] migrane [sic] for over thirty-six hours, cold sweats, fever, diarreha [sic], bony [sic] pain, shortness of breat [sic] [and] blood pressure through the roof." ECF No. 1 at 2 (brackets added). He seeks $100,000.00 in damages and a "summary judgement [sic] or what the Judge feels is appropriate." See ECF No. 1 at 5.

IV. DISCUSSION

A. Nature of Putative Deliberate Indifference Claim(s)

Plaintiff does not specify in the complaint whether he was a pretrial detainee or was serving a sentence at the time of the events giving rise to his claim. If plaintiff was a pretrial

---

[1] Plaintiff also states that because his ability to file grievances via tablet was taken away, he was unable to exhaust administrative remedies as required by 42 U.S.C. § 1997(e)(a). See generally ECF No. 1 at 2-4.
[2] Plaintiff also points out that the jail failed to offer him the COVID-19 vaccination even though it had the vaccine in its possession. See ECF No. 1 at 2. However, plaintiff makes no active argument that this was a violation of his rights. See generally ECF No. 1. Should plaintiff wish to make this argument, he should do so in any amended complaint he may file.

3

detainee, then his putative claims involving the disregard of health and safety arise under the Fourteenth Amendment and are governed by an objective deliberate indifference standard. See Gordon v. County of Orange, 888 F.3d 1118, 1124-1125 (9th Cir. 2018). To state a claim, plaintiff must allege facts showing that (i) a defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries. Id. If plaintiff had been convicted and was serving a sentence at the time of the events, then his claims are governed by the Eighth Amendment and he must allege facts showing that the health and safety risk was objectively serious, and that each defendant possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299 (1991). That state of mind, deliberate indifference, requires facts establishing that defendant subjectively understood that plaintiff faced an excessive risk of harm, but disregarded that risk. See Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).

The facts alleged here are not enough to state a claim for relief against any defendant under either a subjective or an objective deliberate indifference standard. Plaintiff will be provided an opportunity to amend, as explained more fully below. An amended complaint should specify whether plaintiff was a pretrial detainee or was serving a criminal sentence at the time of the events giving rise to his claims, and should state facts as to each defendant that address the elements of liability set forth above.

### B. Formally Named Defendants

Although plaintiff names Shasta County Jail, the Shasta County Sheriff, and Wellpath Corp. as defendants in this action, the complaint fails to provide any specific information about any of these named defendants that is necessary to establish cognizable First and Eighth Amendment claims. See generally ECF No. 1. As an initial matter, plaintiff must show that each named defendant personally participated in the deprivation of his rights, see Jones v. Williams,

297 F.3d 930, 934 (9th Cir. 2002), and there must be an actual connection or link between each defendant's actions and the deprivation plaintiff alleges he has suffered, see, e.g., Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)).

### 1. Defendant Shasta County Sheriff

With respect to defendant Shasta County Sheriff, plaintiff fails to allege and/or provide evidence that the sheriff had a hand in devising policies that led to the violation of plaintiff's First and Eighth Amendment rights or that s/he personally acted in any way, or that s/he directed others to act in any way to violate plaintiff's First and Eighth Amendment rights and cause him harm. See generally ECF No. 1; see, e.g., Redman v. County of San Diego, 942 F.3d 1435, 1449 (9th Cir. 1991) (en banc), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1994). For these reasons, plaintiff has failed to state cognizable First and Eighth Amendment claims against defendant Shasta County Sheriff.

### 2. Defendant Shasta County Jail

With respect to defendant Shasta County Jail, a municipality is not liable under Section 1983 simply because an agency or municipality employs a person who has violated plaintiff's constitutional rights. See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978). "[I]t is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under [Section] 1983." Id. (brackets added). In addition, those policies must be "the moving force" behind the constitutional violation. See Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992). Therefore, to raise a cognizable claim against defendant Shasta County Jail, plaintiff must identify the policy or custom it had that led to the violation of his constitutional rights and resulting harm. He has not done so in the complaint. See generally ECF No. 1. Accordingly, plaintiff has not stated any claim for relief against Shasta County Jail.

### 3. Defendant Wellpath Corp.

Finally, with respect to defendant Wellpath Corp., the complaint does not allege facts demonstrating that Wellpath Corp. acted under color of state law. See generally West, 487 U.S.

at 48; Ketchum, 811 F.2d at 1245.  Section 1983 imposes liability only for actions attributable to the state.  Id.  Plaintiff also fails to state precisely what defendant Wellpath Corp. did to violate his constitutional rights.  See generally ECF No. 1.  Without this information, the complaint dies not state a claim against Wellpath Corp.

For the aforementioned reasons, plaintiff has failed to state cognizable claims against named defendants Shasta County Jail, Shasta County Sheriff, and Wellpath Corp.  Plaintiff will, however, be given the opportunity to amend the complaint and attempt to do so.

### C. Informally Named Defendants

Although plaintiff has not alleged any cognizable claims against the named defendants, he has identified other individuals as actors in each claim, indicating that he may have intended them as defendants.  See generally ECF No. 1 at 2-4.  Construing the complaint liberally,[3] the court now addresses the claims that plaintiff appears to be asserting against additional defendants.

#### 1. Deputy Leonard: Deliberate Indifference to Safety or Serious Medical Need

##### a. Return of Plaintiff to Shasta County Jail During COVID-19 Lockdown

First, plaintiff alleges that in late January 2021, upon being returned to Shasta County Jail, he asked Deputy Leonard, Badge #467, why he had been returned there given that the jail was in emergency lockdown due to the COVID-19 pandemic.  See ECF No. 1 at 2.  In response, Leonard is said to have quipped, "We had beds open up.  You're our inmate under our jurisdiction and we can do what we want."  See id. at 2.

Plaintiff has not alleged facts establishing that Deputy Leonard had the authority to make the decision to return plaintiff to the Shasta County Jail while it was on COVID-19-related lockdown.  Moreover, as insensitive as his statement may sound given the significant loss of life caused by the COVID-19 pandemic, an inmate has no constitutional right to incarceration in a prison of his choice.  See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 224 (1976); see also Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985).  The

---

[3] This court is obligated to liberally construe the pleadings of pro se litigants.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (stating pro se documents are to be liberally construed); see also Haines v. Kerner, 404 U.S. 519, 520 (1972) (stating pro se pleadings are held to less stringent standard than those drafted by lawyers).

Constitution imposes few restrictions on correctional officials' exercise of their legitimate administrative authority, such as the discretion to move inmates from institution to institution. See Grayson v. Rison, 945 F.2d 1064, 1067 (9th Cir. 1991).

For these reasons, any deliberate indifference claim plaintiff may have intended to raise against Deputy Leonard for moving him to the Shasta County Jail – as currently written – fails to state a claim upon which relief may be granted. To the extent that plaintiff may, however, be able to establish that Deputy Leonard had the direct authority and ability to send plaintiff to a facility not under COVID-19 lockdown yet chose not to do so, plaintiff will be permitted to amend this claim against Deputy Leonard.

### b. Failure to Provide Plaintiff with Cleaning Supplies

Plaintiff also apparently attempts to raise a deliberate indifference claim against individual employees of Shasta County Jail for failing to clean the jail cells and for not giving plaintiff cleaning supplies for twenty-four hours despite the contagious nature of COVID-19 and the related lockdown Shasta County Jail was experiencing. See generally id. at 2. However, plaintiff fails to link any Shasta County Jail individual or Deputy Leonard – who was present at plaintiff's intake – to this inaction. See generally id. at 2. Specifically, plaintiff fails to allege that any specific jail employee – including Deputy Leonard – was responsible for providing cleaning supplies to plaintiff at intake or shortly thereafter, but that s/he failed to do. For these reasons, this claim is not cognizable, either. Plaintiff will, however, be given the opportunity to amend it as well.

### 2. Unidentified Actors and Deputies Adams and "Vasquese"[4]: Deprivation of Right to File Grievances and Deliberate Indifference

#### a. Unidentified Actors

Plaintiff alleges that in February 2021, after being housed in Shasta County Jail under the aforementioned conditions, he contracted the COVID-19 virus. See ECF No. 1 at 3. He claims

---

[4] It is unclear whether this is the correct spelling of this individual's name. Should plaintiff opt to amend the complaint and include this claim, he will need to provide the proper spelling of it so that effective service of the individual can be completed.

7

that as soon as he informed one Deputy Adams that he was ill, "the corretional [sic] officers removed all the tablets out of our pod." See id. at 3 (brackets added). The tablets, plaintiff contends, were used to file grievances and to submit requests to be seen by medical staff. See id. at 3.

Plaintiff does not indicate which correctional officers removed the tablets. He also does not indicate which individuals (other than Deputies Adams and Vasquese) – if any – denied his 20-plus requests to be seen by medical staff. See generally ECF No. 1 at 3-4. Finally, plaintiff fails to identify the individual who, when he stated he was about to go man down, responded to him, "Don't bother [you] won't get any special treatment." See id. at 3 (brackets added). In addition, although plaintiff states that Deputy Adams told him that he had put in a sick call for him but that three days later, he still had not been seen by medical staff (see id. at 3), plaintiff does not formally allege that Deputy Adams had anything to do with that delayed response to plaintiff's request. For these reasons, these allegations fail to state claims upon which relief may be granted.

Plaintiff will be given the opportunity to more clearly present any First Amendment and/or deliberate indifference claims against the unidentified persons mentioned above and/or against Deputy Adams in an amended complaint. The amended complaint will need to contain the names of the individuals who violated plaintiff's constitutional rights as well as more facts and links between those individuals, their actions, and plaintiff's harm.

b. Deputies Adams and Vasquese

As for plaintiff's claim that he was denied the right to file grievances and medical requests, plaintiff does state that in February 2021, after he had contracted COVID-19 and his prison tablet had been confiscated, he asked deputies Adams and Vasquese for paper medical slips and grievance forms but that they denied his requests and told him that they did not know when his tablet would be returned to him. See ECF No. 1 at 4. As a result, plaintiff was in pain for several days and was unable to access medical care and unable to file grievances. See id. at 2-4.

////

"It is well-established that, among the rights they retain, prisoners have a First Amendment right to file prison grievances." Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009) (citing Rhodes v. Robinson, 408 F.3d 559, 566 (9th Cir. 2005). Moreover, "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (citation omitted). This is true whether the indifference is manifested by prison doctors or by prison guards in their intentional denial or delay of access to medical care. See id. at 104-105.

If plaintiff wishes to pursue First and/or Eighth Amendment claims against Deputy Adams and Deputy Vasquese for failing to provide him with a means to file grievances and medical slips while he was ill with COVID-19, he must name these individuals as defendants in an amended complaint and clearly identify the claims.

V. MOTION TO COMPEL

On May 3, 2021, plaintiff filed a motion to compel. ECF No. 7. The motion asks the court to require defendants to produce documents on a list that he has attached to the motion. See id. at 1-2. In support of the request, plaintiff avers that he has made multiple requests of the jail for documents, but his requests have been denied. See id. at 3.

The complaint in this case has not been served, so no defendants have appeared and discovery is therefore premature. The motion accordingly will be denied. Plaintiff is informed that if an amended complaint is screened and found to contain cognizable claims, it will be served but discovery will not commence until the court issues a Discovery and Scheduling Order setting out deadlines and procedures.

VI. OPTIONAL LEAVE TO AMEND

Plaintiff will be given the opportunity to amend the complaint. If plaintiff chooses to file an amended complaint, it will take the place of plaintiff's original complaint. See Lacey v. Maricopa Cty., 693 F.3d 896, 925 (9th Cir. 2012) (stating amended complaint supersedes original complaint). Any amended complaint filed should observe the following:

An amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v.

Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

An amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. See E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896 (2012).

VII. PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

Your request to proceed in forma pauperis is granted. You are not required to pay the entire filing fee immediately.

The complaint will not be served because the facts you have alleged are not enough to state additional claims for relief. The problems with each specific claim are explained above. Should you choose to amend the complaint, you must fix these problems. It is important to specify whether you were a pretrial detainee or were serving a sentence at the time of the events you complain about. Also, for each claim you must specify which defendant is responsible for what, as well what he or she did or did not do that led to your rights being violated. If you are challenging a jail policy, you need to say what the policy is, who created and/or enforced it, and how the enforcement of it affected you.

If you choose to amend your complaint, the first amended complaint must include all the claims you want to raise because the court will not look at the claims or information in the original complaint. **Any claims not in the first amended complaint will not be considered.**

////

Finally, your motion to compel the production of documents will be denied because at this point, all viable defendants and claims in your case have not yet been identified. As a result, your motion asking that defendants produce documents was filed too early.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

6. Plaintiff's motion to compel the production of documents (ECF No. 7) is DENIED as premature.

DATED: June 7, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE