1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JACOB DAVID WOOLERY,                        No.  2:21-cv-0270 AC P

12              Plaintiff,

13         v.                                     ORDER

14    SHASTA COUNTY JAIL, et al.,

15              Defendants.

16

17         Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil

18    rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States

19    Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20         Before this court is plaintiff's first amended complaint ("FAC").  For the reasons stated

21    below, plaintiff will be given a final opportunity to file an amended complaint.

22         I.    SCREENING REQUIREMENT

23         The court is required to screen complaints brought by prisoners seeking relief against a

24    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

25    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

26    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

27    monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

28    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v.

                                                1

1   Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir.

2   1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably

3   meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at

4   327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an

5   arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989);

6   Franklin, 745 F.2d at 1227.

7       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

8   which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

9   support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

10  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

11  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

12  this standard, the court must accept as true the allegations of the complaint in question, Hosp.

13  Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

14  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

15  McKeithen, 395 U.S. 411, 421 (1969).

16      II.    FIRST AMENDED COMPLAINT

17      Plaintiff names as defendants Shasta County Sheriff and Coroner Eric Magrini; Captain

18  and Warden Gene Randall; Facility Manager Lieutenant Marlar; Deputy Leonard; "Daniel," a

19  medical practitioner; the Shasta County Jail; and the County of Shasta.  ECF No. 10 at 1-2.  The

20  FAC consists in large part of a lengthy, chronological narrative related to state and local officials'

21  creation of health protocols intended to reduce the spread of COVID-19, and Shasta County Jail's

22  implementation of or failure to implement them.  See generally id. at 4-13.

23      Plaintiff alleges generally that defendants violated his Eighth Amendment rights when

24  they failed to effectively implement state-sanctioned health and safety protocols in order to

25  reduce the spread of the virus.  ECF No. 10 at 11-13.  For example, plaintiff states that he has

26  been denied a face mask and COVID-19 testing, and that on multiple occasions he has been

27  detained in close proximity to inmates who were being quarantined.  Id. at 13-14.  He alleges that

28  ////

1   he contracted the virus as a result, which resulted in pain and agony and the fear of death.  Id. at

2   4, 15-16.

3         III.   DISCUSSION

4           A.  Applicable Law

5        "[A] prison official violates the Eighth Amendment only when two requirements are met.

6   First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or

7   omission must result in the denial of the minimal civilized measure of life's necessities."  Id. at

8   834 (internal quotation marks and citations omitted).  This first requirement is satisfied by

9   "demonstrating that failure to treat a prisoner's condition could result in further significant injury

10   or the unnecessary and wanton infliction of pain."  Lemire v. California Dept. of Corrections and

11   Rehabilitation, 726 F.3d 1062, 1081 (9th Cir. 2013).

12        Second, the prison official must have a sufficiently culpable state of mind, "one of

13   deliberate indifference to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 834 (1994)

14   (internal quotation marks and citations omitted).  This second prong is "satisfied by showing (a) a

15   purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm

16   caused by the indifference."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal

17   citations, punctuation and quotation marks omitted); accord, Lemire, 726 F.3d at 1081; Wilhelm

18   v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).  Deliberate indifference "may appear when

19   prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown

20   by the way in which prison physicians provide medical care."  Jett, 439 F.3d at 1096 (quoting

21   Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988)); accord, Lemire, 726 F.3d at

22   1081; Wilhelm, 680 F.3d at 1122.

23           B.  Analysis

24        At the outset the court notes that the FAC violates Rule 8 of the Federal Rules of Civil

25   Procedure, which requires that a pleading consist of a "short and plain statement of the claim

26   showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Plaintiff's nineteen-page

27   complaint, which reads like a chronological narrative of correctional facilities' responses to the

28   pandemic, does not comply with the rule.  This fact alone is grounds for dismissal.  See, e.g.,

3

1   Agnew v. Moody, 330 F.2d 868, 870 (9th Cir. 1964) (finding district court justified in dismissing

2   complaint for failure to comply with Rule 8(a)).  "[A] court is not required to comb through a

3   plaintiff's exhibits . . . to determine if the complaint states a plausible claim."  Kesling v. Tewalt,

4   476 F. Supp. 3d 1077, 1083 (D. Idaho 2020) (brackets added).

5          Next, as with the original complaint, the FAC fails to state claims upon which relief may

6   be granted.  The pleading is peppered with statements like, "Shasta County Jail continues to have

7   serious constitutional violations in its response to the COVID-19 pandemic," (ECF No. 10 at 11-

8   12), and "The policies implemented by Captain Randall were silent as to how existing inmates

9   could effectively socially distance from each other," (id. at 12).  Such general statements fail to

10  identify specific, intentional acts or omissions by any of the named defendants, and they fail to

11  show how such acts or omissions led to plaintiff's specific harms.  This issue was addressed in

12  the previous screening order, ECF No. 8 at 3-5, and it has not been cured.  The FAC also lacks

13  specific factual allegations showing that the acts or omissions of any particular defendant were

14  accompanied by the requisite "culpable state of mind," deliberate indifference.

15         Because the FAC fails to provide a short and plain statement which demonstrates that

16  plaintiff is entitled to relief, and because it fails to allege with specificity any viable claims

17  against any of the named defendants, this complaint fails to state any claim upon which relief may

18  be granted.  See 28 U.S.C. § 1915A(b)(1).  As a result, it cannot be served.  Plaintiff will,

19  however, be given a final opportunity to amend the complaint.

20         IV.   LEAVE TO AMEND

21         When amending the complaint, plaintiff should observe the following:  An amended

22  complaint must identify as a defendant only persons who personally participated in a substantial

23  way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743

24  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an

25  act, participates in another's act or omits to perform an act he is legally required to do that causes

26  the alleged deprivation).

27         An amended complaint must also contain a caption including the names of all

28  defendants. Fed. R. Civ. P. 10(a).  Plaintiff may not change the nature of this suit by alleging

4

1   new, unrelated claims.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

2          Any amended complaint must be written or typed so that it is complete in itself without

3   reference to any earlier filed complaint.  See L.R. 220 (E.D. Cal. 2009).  This is because an

4   amended complaint supersedes any earlier filed complaint, and once an amended complaint is

5   filed, the earlier filed complaint no longer serves any function in the case.  See Loux v. Rhay,

6   375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter

7   being treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa

8   Cty., 693 F.3d 896 (2012).

9          The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

10  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

11  heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

12  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

13  set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

14  N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

15  which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  Plaintiff must

16  not include any preambles, introductions, argument, speeches, explanations, stories, griping,

17  vouching, evidence, attempts to negate possible defenses, summaries, and the like.  McHenry v.

18  Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for

19  violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998)

20  (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in

21  prisoner cases).  The court (and defendant) should be able to read and understand plaintiff's

22  pleading within minutes.  McHenry, 84 F.3d at 1179-80.  A long, rambling pleading including

23  many defendants with unexplained, tenuous, or implausible connection to the alleged

24  constitutional injury, or joining a series of unrelated claims against many defendants, very likely

25  will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's

26  action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

27  ////

28  ////

V.    PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

Your First Amended Complaint will not be served.  You may file a Second Amended Complaint.  It must contain short, clear statements showing how your own rights were violated and what each particular defendant did that violated your rights.  Because you are trying to bring Eighth Amendment claims, you must also state facts as to each defendant that show that defendant's state of mind when they did or failed to do the things that violated your rights.

Accordingly, IT IS HEREBY ORDERED that:

1.  The Clerk of Court shall send plaintiff another copy of the Civil Rights Complaint By A Prisoner form used by this court;

2.  Within thirty days from the date of this order, plaintiff shall file an amended complaint.

Plaintiff is cautioned that failure to comply with this order within the time allotted may result in a recommendation that this action be dismissed.

DATED: June 16, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

6